UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-3011(DSD/AJB)

Mary Michelle Helm,

    Plaintiff,

v.                                  **ORDER**

Andersen Corporation,

    Defendant.

> Philip M. Kitzer, Esq., Clayton D. Halunen, Esq. and Halunen & Associates, 1650 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for plaintiff.
>
> David M. Wilk, Esq. and Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101, counsel for defendant.

This matter is before the court on the motion of plaintiff Mary Michelle Helm ("Helm") for a permanent injunction prohibiting defendant Andersen Corporation ("Andersen") from issuing subpoenas or otherwise making contact with her current employer, U.S. Bank. Andersen seeks discovery from U.S. Bank concerning representations Helm made to U.S. Bank.

A permanent injunction requires the movant to show actual success on the merits. See Oglala Sioux Tribe v. C & W Enters., Inc., 542 F.3d 224, 229 (8th Cir. 2008). If the movant shows actual success on the merits, the court then considers the following Dataphase factors: "(1) the threat of irreparable harm to the moving party; (2) the balance of harms with any injury an

injunction might inflict on other parties; and (3) the public interest." Id. (citing Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc)).

In this case, Helm has not shown success on the merits. Even if the court narrowly construes the merits requirement, Helm has not demonstrated likely success. The law favors liberal discovery, and defendant is entitled to discover "any non-privileged matter that is relevant to [its] defense" and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Evidence that Helm gave untruthful information to U.S. Bank may be useful in the defense of this matter, and may be admissible under Federal Rules of Evidence 404 and 608. To be clear, the court is not, at this point, determining that such information exists or is admissible. The court finds, however, that the discovery sought meets the standards of Rule 26(b), and therefore Helm has not demonstrated actual or likely success on the merits of this dispute. Denial of injunctive relief is warranted based on this finding. See CDI Energy Servs. v. W. River Pumps, Inc., 567 F.3d 398, 402 (8th Cir. 2009).

Although Helm's failure to show success on the merits warrants denial of her motion, the court also considers the Dataphase factors. First, irreparable harm must be certain and imminent such that there is a clear and present need for equitable relief. Packard Elevator, Farmers Coop. Soc'y, Inc. v. Interstate Commerce

Comm'n, 782 F.2d 112, 116 (8th Cir. 1986). Helm asserts that U.S. Bank will take adverse action against her if it learns that she filed a lawsuit against her former employer. Helm offers no evidence, however, to support this assertion, and the court will not assume that U.S. Bank will unlawfully retaliate against her. Moreover, this lawsuit is a matter of public record, and injunctive relief will not necessarily prevent U.S. Bank from learning about this action. Therefore, Helm has not demonstrated irreparable harm, and denial of an injunction is also warranted based solely on this factor. Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987). As to the second factor, the court determines that the balance of harms does not favor either party. Lastly, while the public has a strong interest in preventing retaliation by an employer, Helm's arguments are all based on the unsupported assumption that U.S. Bank will unlawfully retaliate against her. The court has no reason to believe that U.S. Bank will engage in such conduct, and therefore the public interest is not supported by an injunction. Finally, the court notes that Helm recognizes that a protective order under Rule 26(c) of the Federal Rules of Civil Procedure is the appropriate and available remedy at law for this dispute. (See Kitzer Aff. Ex. G ¶ 13.)

Accordingly, based on Helm's failure to show actual or likely success on the merits, consideration of the <u>Dataphase</u> factors and the available remedy at law**, IT IS HEREBY ORDERED** that Helm's motion [Doc. No. 10] is denied.

Dated: April 26, 2010

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court